E-FILED
Tuesday, 02 March, 2021  03:42:37 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVSION

| | |
|---|---|
| JACQUELINE D. KENNEDY-ROBEY, ) ) ) | |
| Petitioner, ) ) | |
| v. ) ) | No.  20-cv-1371 |
| Warden, FCI Pekin ) ) | |
| Respondent. ) | |

## ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Petitioner Jacqueline D. Kennedy-Robey's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (d/e 1).  Petitioner argues that she is entitled to have Earned Time Credits earned under the First Step Act's Risk and Needs Assessment System applied to her sentence.  For the reasons below, the Court DISMISSES Petitioner's Petition (d/e 1) as premature.

## I. BACKGROUND

Kennedy-Robey filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on October 26, 2020.  At the time she filed

her Petition, she was incarcerated at FCI Pekin, in Pekin, Illinois.

On November 17, 2020, she was transferred to a Residential

Reentry Center (RRC), but the Court retains jurisdiction over her

case.  See In re Hall, --- F.3d. ---, No. 20-3245, 2021 WL 524499,

at *1 (7th Cir. Feb. 12, 2021) ("[A] prisoner's transfer from one

federal facility to another during the pendency of a habeas corpus

proceeding does not affect the original district

court's jurisdiction.").  Kennedy-Robey argues that she has

participated in evidence-based recidivism reduction programming

and productive activities pursuant to the Risk and Needs

Assessment System ("System"), enacted as part of the First Step

Act, but the Bureau of Prisons (BOP) has not awarded her any

earned time credits.  Based on her calculations she claims she is

entitled to a release date of November 10, 2020.  Her projected

release date is currently August 22, 2021.

    After the Court ordered a response, Respondent filed a Motion

to Dismiss (d/e 4) on December 15, 2020, requesting that the

Court dismiss the case without prejudice for failure to exhaust

administrative remedies.  The Court denied Respondent's Motion to

Dismiss on January 5, 2021 (d/e 9), finding that exhaustion of the issues here would be futile because they were issues of statutory interpretation that the BOP had already predetermined.

Respondent filed a response (d/e 12) to the merits of the Petition on January 26, 2021.  Respondent argues that Kennedy-Robey has not earned any days of time credits and will not be able to earn more now that she has been placed in an RRC.  Further, Respondent argues that the BOP is not required to apply any earned time credits until the end of the First Step Act's designated phase-in period on January 15, 2022.  Kennedy-Robey filed a reply (d/e 13) on February 9, 2021.

The Court has thoroughly and carefully reviewed the parties' filings, and this order now follows.

## II.  DISCUSSION

### A. The First Step Act's Risk and Needs Assessment System

Kennedy-Robey's claim involves Section 101 of the First Step Act of 2018, Public Law 115-391, which mandated the creation of a "risk and needs assessment system," codified in 18 U.S.C.

§ 3632.  Under the statute, the Attorney General was required to develop a risk and needs assessment system ("System") "not later than 210 days after the date of enactment of this subchapter."  18 U.S.C. § 3632(a).  Relevant to this Petition, the System "shall be used to . . . determine when to provide incentives and rewards for successful participation in evidence-based recidivism reduction programs or productive activities" and "determine when a prisoner is ready to transfer into prerelease custody or supervised release in accordance with section 3624."  18 U.S.C. § 3632(a)(6)-(7).

Section 3632(d), entitled **"**Evidence-based recidivism reduction program incentives and productive activities rewards," requires the System to include incentives and rewards.  Section 3632(d)(4)(A) specifically provides that eligible prisoners:

shall earn time credits as follows:

(i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

(ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days

of successful participation in evidence-based recidivism reduction programming or productive activities.

18 U.S.C. § 3632(d)(4)(A).

However, despite this broad language, other provisions of the First Step Act allow the BOP to delay the immediate application of the System and also limit when prisoners can have their time credits applied.  The System was not required to be developed until 210 days after the First Step Act was enacted, or by July 19, 2019. 18 U.S.C. § 3632(a).  After that date, the BOP was not required to complete a risk assessment for each inmate until 180 days after the System was developed, which fell on January 15, 2020.  18 U.S.C. § 3621(h)(1)(A).  From the record before the Court, the BOP met both of these deadlines.  The BOP has an additional two years, or until January 15, 2022, to phase in programming and provide "evidenced based recidivism reduction programs and productive activities for all prisoners . . . ."  18 U.S.C. § 3621(h)(2)(A-B). During this two-year phase-in period, "the priority for such programs and activities shall be accorded based on a prisoner's proximity to release date."  18 U.S.C. § 3621(h)(3).  The BOP has

discretion to expand programs and activities and to offer the

System's incentives and rewards as of the date of enactment of the

First Step Act (December 21, 2018):

> Beginning on the date of enactment of this subsection, the Bureau of Prisons may begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of such date, and may offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D.

18 U.S.C. § 3621(h)(4).

The BOP has also issued proposed regulations that would

limit the award of FSA time credits to only the successful

completion of a given program, with "successful completion"

established by the elements of each evidence-based recidivism

reduction programming or productive activities.  See Proposed

Rule, Bureau of Prisons, FSA Time Credits, 85 Fed. Reg. 75,268,

75,271 (Nov. 25, 2020) (proposed 28 C.F.R. § 523.41(c)).  Further,

for the purpose of determining whether an inmate has successfully

participated in thirty days of evidence-based recidivism reduction

programming or productive activities programming or productive

activities, the BOP has proposed regulations clarifying that a "day"

of programming is an eight-hour period of participation in an evidence-based recidivism reduction program or productive activity.  See id. at 75,272 (proposed 28 C.F.R. § 523.42(b), (c)). Comments on the proposed regulations were due by January 25, 2021.

### B. Kennedy-Robey's Claim is Premature Because Respondent is Not Required to Apply Time Credits Before January 15, 2022.

Respondent argues that Kennedy-Robey's claim is premature and she lacks standing because the BOP has discretion under the statute to delay awarding time credits until January 15, 2022, and the Court, therefore, cannot order the BOP to apply time credits before that date.  Article III of the Constitution limits federal court jurisdiction to cases and controversies.  See U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 395, 100 S. Ct. 1202 (1980).  To establish standing under Article III, the party seeking relief must establish that it suffered an actual injury, traceable to the conduct of the

adverse party that is redressable by a favorable court decision.

See, e.g., Lujan v. Defs. of Wildlife, 504 U.S. 555, 560– 61 (1992).

   Here, Respondent's argument relies on the statute's use of

the word "may" regarding offering incentives and rewards during

the System's development and phase-in period:

> Beginning on the date of enactment of this subsection,
> the Bureau of Prisons *may* begin to expand any evidence-
> based recidivism reduction programs and productive
> activities that exist at a prison as of such date, and *may*
> offer to prisoners who successfully participate in such
> programs and activities the incentives and rewards
> described in subchapter D.

18 U.S.C. § 3621(h)(4) (emphasis added).  The use of the word

"may" indicates that, while it is permissible for the BOP to award

time credits under the statute at any time after the date of

enactment, the BOP is not *required* to do so.  And, Respondent

argues that nothing else in the First Step Act *requires* the BOP to

award credits.  See also, Llewlyn v. Johns, No. 5:20-CV-77, 2021

WL 535863, at *2 (S.D. Ga. Jan. 5, 2021), report and

recommendation adopted, No. 5:20-CV-77, 2021 WL 307289 (S.D.

Ga. Jan. 29, 2021) (finding based on this language that the "the

First Step Act does not require actual implementation for each

inmate until January 2022").  The Court agrees; the statute makes implementation permissive during the System's phase-in period, not mandatory.

As Kennedy-Robey points out, other provisions of the First Step Act seem to convey that the spirit of the law assumed that the BOP would use its discretion and offer awards and incentives as soon as possible.  For instance, the First Step Act also instructs the BOP that, during the two-year phase-in period, priority for participation in evidenced based recidivism reduction programs and productive activities "shall be accorded based on a prisoner's proximity to release date."  18 U.S.C. § 3621(h)(3).  However, while this provision may assume that the BOP will use its discretion to begin implementing the System, the provision does not require the BOP to use its discretion at any certain point prior to the end of the System's phase-in period.  And, despite Kennedy-Robey's insistence, the Court cannot require the BOP to use its discretion when the statute does not.

Not only is the BOP's decision to delay awarding credits permitted under the statute, the BOP has legitimate reasons for

desiring to do so.  As Respondent notes, the BOP has promulgated regulations clarifying portions of the First Step Act, including defining the terms "day" and "successful participation" in 18 U.S.C. § 3632(d)(4)(A).  Clarification of these terms is necessary for uniform application of the statute.

Nonetheless, at least one court has found that the BOP is required to award time credits immediately.  In Goodman v. Ortiz, No. CV 20-7582 (RMB), 2020 WL 5015613, at *2 (D.N.J. Aug. 25, 2020), the court analyzed the provisions of the statute as a whole and determined that Congress intended that credits would be awarded during the phase-in period:

> Turning to the statutory language here, first, 18 U.S.C. § 3621(h)(2) requires phase-in of the risk recidivism program. The ordinary meaning of "phase-in" is to implement gradually. The purpose of phasing in the program is expressly defined by § 3621(h)(2) "so that every prisoner has the opportunity to participate in and complete the type and amount of evidence-based recidivism reduction programs or productive activities they need."

> Next, to determine whether the BOP is required to apply Petitioner's Earned Time credits before the January 15, 2022 completion date for the phase-in, the "'statute must be read in [its] context and with a view to [its] place in the overall statutory scheme.'" Util. Air Regulatory Grp., 573 U.S. at 320 (quoting FDA v. Brown & Williamson Tobacco

Corp., 529 U.S. 120, 133 (2000)). In this regard, Section 3621(h)(1)(C) requires the BOP to "begin to implement ... tools necessary to effectively implement the System over time, *while prisoners are participating in and completing* the effective evidence-based recidivism reduction programs and productive activities" (emphasis added.) Clearly, as the plain language states, this statutory provision anticipates that some prisoners will complete the programs within the 2-year phase-in period.

Furthermore, Section 3621(h)(3) instructs that "[d]uring the 2-year period described in paragraph (2)(A), the priority for such programs and activities shall be accorded based on a prisoner's proximity to release date." Thus by making it a priority to provide the programs to prisoners based on proximity to their release dates, the statute makes it clear that prisoners who earned sufficient time credits during the phase-in period could be released prior to the end-date for the two-year phase-in.

Id. at *5–6.  Finally, the district court found that the discretion afforded the BOP in 18 U.S.C. § 3621(h)(4)—which provides that the BOP "may offer to prisoners who successfully participate in such programs and activities the incentives and rewards" as of the date of enactment of the First Step Act—was further evidence that the statutory framework did not permit the BOP to delay application of incentives.

While the Court agrees with the Goodman court that the statutory text presumes that the BOP will use its discretion to

apply the provisions as early as possible, the Court, respectfully, cannot find that the statute *requires* immediate implementation.  If immediate implementation were mandated, Congress would have used the word "shall" and not "may" in 18 U.S.C. § 3621(h)(4).  While the "phase-in" period may imply a "phase-in" of the incentives, this Court is not in the position of determining on which date these incentives must be "phased-in."  Moreover, while the statutory language may "anticipate[ ] that some prisoners will complete the programs within the 2-year phase-in period," Goodman 2020 WL 5015613 at *6, this does not mean that the statute requires the time credits for completed programs to be *applied* during the 2-year phase-in period.  The statutory language indicates that Congress left this determination up to the BOP, while at the same time giving the BOP a deadline of January 15, 2022.  Until that date, the Court does not find that Kennedy-Robey has any right to application of earned time credits that this Court can enforce.

Here, Kennedy-Robey's projected release date is August 22, 2021.  While the BOP could, in its discretion award her earned

time credits before her release date, this Court cannot force the BOP to do so.  Accordingly, the Court finds that Kennedy-Robey does not have standing to demand that the BOP apply her time credits as she calculated or to pursue her further claim that the BOP has incorrectly calculated her earned time credits as zero.

### III.  CONCLUSION

For the reasons above, the Court DISMISSES Petitioner Jacqueline D. Kennedy-Robey's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (d/e 1).  This Case is CLOSED.  The Clerk is DIRECTED to prepare the judgment.


**ENTER: March 2, 2021**

**FOR THE COURT:**

s/  Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**